**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2633-22

NATIONAL JUDGMENT
RECOVERY AGENCY, INC.,[1]

    Plaintiff-Respondent,

v.

MARIA L. MERCADANTE,
ANDRE BERNARD, INC., d/b/a
MS FUNDING CORP., TARA L.
COST, a/k/a TARA L. ERTLE,
PNC BANK, N.A., and KEVIN
SKINNER,

    Defendants-Respondents,

and

ELISA SKINNER

    Defendant-Appellant.

_____

Argued January 30, 2024 – Decided August 12, 2024

---

[1] National Judgment Recovery Agency, Inc. is the assignee of initial plaintiff Kenneth Lee Jennings.

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1193-08.

Anthony J. Bragaglia argued the cause for appellant (Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys; Anthony J. Bragaglia, on the briefs).

Robert F. Davis argued the cause for intervenor-respondent (The Davies Law Firm, P.A., attorneys; Robert F. Davies on the brief).

Respondents have not filed a brief.

PER CURIAM

Defendant Elisa Skinner appeals from the motion court's April 28, 2023 order denying her motion to vacate a 2011 default judgment pursuant to Rule 4:50-1(f). Among other arguments, plaintiff claimed she was never served with the summons and complaint. We conclude her claims on appeal are without merit and affirm.

In 2008, plaintiff, Kenneth Lee Jennings sued Elisa Skinner and her co-defendants Maria L. Mercadante, Andre Bernard, Inc., doing business as MS Funding Corp., Tara L. Cost also known as Tara L. Ertle, PNC Bank, N.A., and Kevin Skinner (collectively, defendants), alleging they participated in a scheme to defraud him of over $143,000 dollars. Briefly, the complaint alleged defendants promised plaintiff access to a $3,300,000 line of credit through a

2

bank. Defendants persuaded plaintiff to pay them $150,000, allegedly to satisfy certain administrative and bank licensing requirements needed for the line of credit. Defendants promised the $150,000 would be deposited and held "untouched" in a twelve-month certificate of deposit at the bank in question. Defendants further promised to secure a $10 million dollar line of credit, $3.3 million of which would be available to plaintiff after the deposit was made. Plaintiff alleged that defendants instead deposited his $150,000 into a checking account from which they made unauthorized withdrawals, depleting the account.

Plaintiff filed a complaint against defendants, including Elisa Skinner, alleging multiple theories, including but not limited to: violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act (RICO), N.J.S.A. 2C:41-1 to -6.2, common-law fraud, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -227, restitution, negligence, breach of contract, and breach of fiduciary duty.

The record reveals plaintiff filed his Law Division complaint against defendants on February 28, 2008. Plaintiff's counsel certified that he served Elisa Skinner and her then husband, Kevin Skinner, with the complaint by regular and certified mail on March 5, 2008, at a Florida address where they resided at the time. Counsel further certified that Elisa and Kevin Skinner

3

signed for the certified mail on March 8, 2008. Neither defendant filed a timely answer. On March 7, 2011, plaintiff's counsel filed a motion for entry of default judgment pursuant to Rule 4:43-2(b). Counsel certified the motion was again served by regular and certified mail on Elisa and Kevin Skinner. The certification stated that "[a] representative of [d]efendant's household signed for the certified mailing on March 11, 2011," and that the regular mail was not returned. While counsel's 2011 certification in support of default judgment references certified mail receipts as exhibits, those receipts are not included in the record before us.

On March 22, 2011, the motion court entered an order titled, "Final Judgment By Default." The order gave certain defendants, including Skinner, a $50,000 credit for a settlement between plaintiff Tara L. Cost and PNC Bank. On April 28, 2011, the court issued another order, also entitled "Final Judgment By Default." This order included the court's finding that Elisa and Kevin Skinner had been served with the 2008 complaint and failed to answer. The court also found that plaintiff had filed sufficient proofs with his motion to support the imposition of a judgment of $450,000 and costs against them.

Plaintiff moved to docket the New Jersey judgment in Florida. On February 8, 2017, a Florida Circuit Court made findings and entered an order

4

registering the 2011 judgment against Elisa and Kevin Skinner in the amount of $450,000 with interest in the state of Florida. Plaintiff assigned his right, title, and interest in the now docketed 2011 Florida judgment against Elisa Skinner to National Judgment Recovery Agency, Inc., which recorded the judgment on November 15, 2022. The company, standing in the shoes of plaintiff, then foreclosed on Florida real estate owned by her.

After being noticed with the foreclosure in December 2022, Elisa Skinner moved to vacate the 2011 default judgment in the Law Division pursuant to Rule 4:50-1(f). On April 28, 2023, the court denied the motion to vacate and made findings. We recount the substance of the court's statement of reasons in its entirety:

> Default in this case was entered on April 28, 2011, so twelve years ago. Moving defendant in their moving certification asserts they were never properly served, and that they, as of March 5, 2008, had moved back – which is the date of the summons and complaint, had moved back to New Jersey, to Bayonne, New Jersey, following a divorce. And, therefore, she asserts she could not have been served in Orlando, Florida, where she purportedly was served. The opposition points to the fact that plaintiff . . . first points to the extensive delay, but more importantly points to the fact that there was valid proof of service in 2008. The court found such valid service when judgment was entered in 2011. They note the prejudice of reopening this since there's no longer a court file available to show that, and the green cards are long gone, and the attorney that

5

represented plaintiff at the time is deceased and no files are available. Additionally, they note that the – on its face, plaintiff, December 19, 2007 – or 2007, executed a mortgage in Broward County, Florida. Second, plaintiff obtained title to a 2004 Kia Rio in February of 2007, in Coral Springs, which is after she claims she left the State of Florida in her certification. As of February 6, 2008, . . . defendant Felicia Skinner, had a valid Florida motor vehicle license. The judgment of default found them proper the judge entering default judgment found them properly served. And those green cards for receipts of notice of the default hearing would have been in the file that is long lost after 12 years. There's no proof of her address at that time, no documentation.

On appeal, plaintiff argues that the motion court committed error by finding defendant was properly served. We review a trial judge's determination on a motion to vacate a default judgment under Rule 4:50-1 for "a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Id. at 467. To warrant reversal, the movant must demonstrate that the motion judge's "decision [was] 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)); see also BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J.

6

Super. 117, 124 (App. Div. 2021) (finding that "a trial court mistakenly exercises its discretion when it 'fails to give appropriate deference to the principles' governing the motion [or] relies 'upon a consideration of irrelevant or inappropriate factors'") (internal citations omitted).

Elisa Skinner's contends that she was not properly served with the 2008 complaint, asserting that she did not live in Florida at the time the complaint was served. She focuses on the fact that, at the time of the motion to vacate in 2023, the court did not have access to the certified mail receipts referenced in the 2011 certification of plaintiff's counsel. She posits that, because plaintiff cannot show the 2008 service of the complaint on her was in strict compliance with the rules for substituted service under Rule 4:4-4, exceptional circumstances exist under Rule 4:50-1(f) for vacating the 2011 judgment. We are not persuaded by her argument and find it wholly without merit. R. 2:11-3(e)(1)(E). We affirm for substantially the reasons expressed by the motion court. We add the following brief comment.

Under Rule 4:50-1(f), relief is available only when truly exceptional circumstances are present and when no other subsection of the rule applies. 257-261 20th Avenue Realty, LLC v. Roberto, 477 N.J. Super. 339, 367 (App. Div. 2023). Rule 4:50-1(a) allows for relief from a judgment where there is "mistake,

inadvertence, surprise, or excusable neglect" is sought not more than one year after the judgment was entered. R. 4:50-2. We have defined excusable neglect as "a situation where the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 298 (App. Div. 2021) (quoting U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 468 (2012)).

Plaintiff fails to make a sufficient showing that her circumstances are "truly exceptional." While she contends she wasn't served, the motion court referenced the 2011 default judgment certification of counsel citing the proof of service in support of its order denying relief. The court also found service was deemed proper by the 2011 motion court when judgment was entered. Finally, the motion court made findings concerning Elisa Skinner's 2007 vehicle purchase, 2007 real estate mortgage transaction, and her possession of a 2008 Florida driver's license. The motion court, serving as the finder of fact for purposes of this motion, clearly weighed and rejected Skinner's proofs concerning her whereabouts in 2008 at the time of the service of the complaint. We defer to the court's findings under our standard of review, see US Bank Nat'l Ass'n, 209 N.J. at 467, and we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2633-22